IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF INDIANA, | § § § |
| *Plaintiff,* | § § § |
| v. | § CIVIL ACTION NO. § |
| BRUCE ALLEN HANSON, CHRISTINE WISE, and JOSHUA LODES, | § § § § |
| *Defendants.* | § |

## ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

Pursuant to 28 U.S.C. §§ 1332 and 2201, Plaintiff Safeco Insurance Company of Indiana ("Safeco") brings this action for declaratory judgment against Defendants Bruce Allen Hanson, Christine Wise, and Joshua Lodes, respectfully showing as follows:

### I.  INTRODUCTION

1.  On October 14, 2021, Vickie Hanson, who was previously married to Bruce Hanson and who was living with him at the time, died of a gunshot wound sustained at their residence at 6715 Geronimo Drive, Wichita Falls, Texas (the "residence").  Bruce Hanson subsequently was arrested and charged with her murder.

2.  Christine Wise, individually and as representative of the estate of Vickie Hanson, and Joshua Lodes, individually, have filed survival and wrongful death actions against Bruce Hanson in state court in Wichita County, Texas (the "Underlying Suit").  Bruce Hanson has tendered his defense and indemnity therein to his homeowners insurer, Safeco, and, pursuant to a reservation of rights, Safeco is currently defending him in the Underlying Suit.  Because exclusions in the Safeco insurance policy at issue eliminate any coverage thereunder, Safeco is entitled to a

judgment declaring that it has no duty to defend or indemnify Bruce Hanson.

## The Parties

3. Safeco is an Indiana insurance company with its principal place of business in Massachusetts. Safeco is duly qualified to do and transact business in Texas and executes and delivers insurance policies in Wichita County, Texas.

4. Bruce Hanson is an individual Texas citizen residing in Wichita County, Texas. Service may be had on him at his residence at 6715 Geronimo Dr., Wichita Falls, Texas 76310 by private process at that address. Plaintiff requests that citation be issued and served upon this Defendant.

5. Christine Wise is an individual residing in Orlando, Florida. Service may be had on her at her residence at 4318 Woodtree Lane, Orlando, Florida 32835. Plaintiff requests that citation be issued and served upon this Defendant.

6. Joshua Lodes is an individual residing in Wichita Falls, Texas. Service may be had on him at his residence at 4327 McCutchen Avenue, Wichita Falls, Texas 76308. Plaintiff requests that citation be issued and served upon this Defendant.

## Jurisdiction and Venue

7. This suit is filed pursuant to 28 U.S.C. § 2201, which authorizes actions for declaratory judgment. This suit is within the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 because it is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000. Plaintiff seeks a declaratory judgment in connection with a case styled *Christine M. Wise, individually, and as Representative of the Estate of Vickie A. Hanson, Deceased, and Joshua Lodes, Individually v. Bruce Allen Hanson, Cause No.: DC89-CV2023-1949, in the 89th District Court, Wichita County, Texas*. The cost of defending Bruce Hanson through trial and/or paying any judgment rendered in the Underlying Suit would be a sum in excess

of the minimum jurisdictional limits of this Court, as the Underlying Suit seeks monetary relief of more than $1 million. *See* "Exhibit A," Plaintiff's First Amended Original Petition (the "Underlying Petition").

8. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b), because the incident giving rise to the Underlying Suit occurred and the Underlying Suit giving rise to the parties' dispute in this declaratory judgment action is pending in state district court in Wichita County, Texas.

9. All persons having an interest in the outcome of this litigation have been joined as parties.

10. An actual controversy of a justiciable nature exists between Plaintiff and Defendants regarding the former's rights and responsibilities under the Safeco insurance policy at issue, and there is no other pending legal action seeking to adjudicate such rights or responsibilities.

## II. BACKGROUND

### The Safeco Policy

11. In connection with the residence, there was in force as of October 14, 2021, a homeowners policy, number OY7591324 with a policy period of March 20, 2021, to March 20, 2022, issued by Safeco to Bruce Hanson (the "Safeco policy"). A true and correct copy of the Safeco policy is attached as Exhibit "B."

### The Factual Background

12. Though divorced in 1987, Vickie Hanson and Bruce Hanson continued to live together at the residence and to maintain a relationship as of October 14, 2021. Upon information and belief, they co-owed the residence at the time of her death.

13. On October 14, 2021, Bruce Hanson and Vickie Hanson were at the residence when she died of a gunshot wound.

14. In his initial statement to police, Bruce Hanson identified Vicki Hanson as his wife and indicated that they shared the master bedroom of the residence. He also indicated therein that they shared household duties such as cooking and doing laundry.

15. Additionally, Bruce Hanson is designated as Vickie Hanson's Personal Representative and as a beneficiary in her Last Will and Testament executed on December 14, 2017.

16. On January 30, 2022, a Wichita County grand jury indicted Bruce Hanson for the murder of Vickie Hanson on October 14, 2021. The indictment states that he "did on or about the 14th day of October, 2021, then and there, intentionally and knowingly cause the death of an individual, namely Vickie Hanson, by shooting her with a gun OR then and there, with intent to cause serious bodily injury to an individual, namely Vickie Hanson, hereafter styled the complainant, commit an act clearly dangerous to human life that caused the death of the complainant by shooting her and/or firing a gun at her and/or firing a gun in her direction." *See* Exhibit "C" – the Certified Indictment.

17. Vickie Hanson's adult children, Christine Wise, individually and as representative of the estate of Vickie Hanson, and Joshua Lodes, individually, have brought a survival action and wrongful death action – i.e., the Underlying Suit – against Hanson. The first amended petition, the live pleading in the Underlying Suit, solely alleges that "Vickie A. Hanson died as a result of a gunshot wound which was negligently caused by Bruce Allen Hanson, and is the proximate cause of death as set forth herein." *See* Exhibit A at ¶ 8. The Underlying Petition is silent as to the nature of the relationship between Vickie Hanson and Bruce Hanson, and as to whether the two

were living together at the time of her death.

18.   Hanson has tendered his defense and indemnity in the Underlying Suit to Safeco, which is providing him a defense under a reservation of rights.

### III.  GROUNDS FOR RELIEF

**A.   Plaintiff has no duty to defend Bruce Hanson in the Underlying Suit because Vickie Hanson also was an "insured" under the Safeco policy.**

19.   In Texas, the duty to defend is determined by the "eight-corners" rule. The "four-corners" of the petition are viewed in light of the "four-corners" of the policy to determine whether an insurer has a duty to defend an insured. *See Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 491 (Tex. 2008). When the underlying pleading lacks the allegations necessary to determine if coverage exists, courts may consider evidence that (1) goes solely to an issue of coverage and does not overlap with the merits of liability, (2) does not contradict facts alleged in the pleading, and (3) conclusively establishes the coverage fact to be proved. *See Monroe Guaranty Ins. Co. v. BITCO Gen. Ins. Co.*, 640 S.W.3d 195 (Tex. 2022).

20.   The Safeco policy includes the following provisions:

> **2. Coverage E – Personal Liability** does not apply to:
>    **a.** Liability . . . [:]
>       **(3)** for *punitive damages* awarded against any *insured*;
>       **(4)** arising out of any illegal act committed by or at the direction of any *insured*.
>    **g.** *bodily injury* to *you* or an *insured* within the meaning of part **a.** or **b.** of the **Policy Definition**, **8.** *Insured* . . . .
>
> **POLICY DEFINITIONS**
>
> **1.** Throughout this policy, "you" and "your" refer to the "named insured" shown in the Declarations and:
>    **a.** your spouse, if a resident of the same household; or
>    **b.** your civil partner, if a resident of the same household, by civil union licensed and certified by the state; or
>    **c.** your *domestic partner*, if a resident of the same household.

>> "***Domestic partner***" means a person living as a continuing partner with you and:
>
>> **(1)** is at least 18 years of age and competent to contract;
>
>> **(2)** is not a relative, and
>
>> **(3)** shares with you the responsibility for each other's welfare, evidence of which includes:
>
>>> **(a)** the sharing in the domestic responsibilities for the maintenance of the household; or
>
>>> **(b)** having joint financial obligations, resources, or assets; or
>
>>> **(c)** one with whom you have made a declaration of domestic partnership or similar declaration with an employer or government entity.
>
>>> ***Domestic partner*** does not include more than one person, a roommate whether sharing expenses equally or not, or one who pays rent to the named insured. . . .
>
> 8. "***Insured***" means:
>
>> **a.** you; and
>
>> **b.** so long as you remain a resident of the Described Location, the following residents of your household at the Described Location:
>
>>> **(1)** your relatives;
>
>>> **(2)** any other person under the age of 21 who is in the care of any person described in **8.a.** or **8.b.(1)** above.

21.     While the Underlying Petition is silent as to their relationship, extrinsic evidence establishes that Vickie Hanson and Bruce Hanson qualified as "domestic partners" as that term is defined in the Safeco policy. They slept in the same bedroom, mingled their financial assets, and took care of each other by cooking and doing laundry for each other. Such evidence also establishes that she was a resident of his household at the time of her death. Their relationship is determinative of coverage under the Safeco policy, and has no bearing on liability. Under the *Monroe* test, therefore, the Court should consider such extrinsic evidence of Bruce Hanson and Vickie Hanson's relationship. Under the policy definition, Vickie Hanson was a resident of the residence and a domestic partner of Bruce Hanson, thus making her an insured. Because Vickie

Hanson was an insured, the injury-to-an-insured exclusion in the Safeco policy thus eliminates any duty on the part of Safeco to defend Bruce Hanson in the Underlying Suit.

**B.    Plaintiff has no duty to defend Hanson in the Underlying Suit because Vickie's death was the result of Hanson's intentional and criminal act.**

22.    The Safeco policy also includes the following provision:

**LIABILITY LOSSES WE DO NOT COVER**

**1.  Coverage E — Personal Liability** and **Coverage F — Medical Payments to Others** do not apply to *bodily injury* or *property damage*:

  **a.**  which:

   **(1)** is expected or intended by the *insured* or which is the foreseeable result of an act or omission intended by the *insured*; or

   **(2)** results from violation of:

    **(a)** criminal law; or

    **(b)** local or municipal ordinance committed by, or with the knowledge or consent of the *insured*.

  This exclusion applies even if:

   **(3)** such *bodily injury* or *property damage* is of a different kind or degree than expected or intended; or

   **(4)** such *bodily injury* or *property damage* is sustained by a different person, or persons, than expected or intended.

  This exclusion applies whether or not the *insured* is charged or convicted of a violation of criminal law, or local or municipal ordinance.

23.    The Underlying Petition alleges Vickie Hanson "died as a result of a gunshot wound which was negligently inflicted by Bruce Allen Hanson." *See* Exhibit A at ¶ 8.  Regardless of whether the elements of murder are satisfied in his criminal trial, the facts pleaded in the Underlying Petition are that Bruce Hanson committed a criminal act by firing or even pointing the gun in the direction of Vickie Hanson.  *See e.g.*, Tex. Penal Code § 22.05 "Deadly Conduct" (a person commits offense by recklessly engaging in conduct that places another in imminent danger of serious bodily injury or knowingly discharging firearm "at or in the direction of" an individual; recklessness and danger are presumed if the firearm was knowingly pointed "whether or not the

actor believed the firearm to be loaded"). The criminal acts exclusion of the Safeco policy thus eliminates any duty on the part of Safeco to defend Bruce Hanson in the Underlying Suit.

24. Further, the Underlying Petition alleges that Vickie Hanson's death was at a minimum the foreseeable result of an act or omission intended by Bruce Hanson in that he had "*actual, subjective awareness* of the risk involved . . . but nevertheless *proceeded with conscious indifference* to the rights, safety or welfare of Vickie A. Hanson and others." *See* Exhibit A at ¶ 17 (emphasis added). The expected or intended injury exclusion of the Safeco policy thus eliminates any duty on the part of Safeco to defend Bruce Hanson in the Underlying Suit.

**C.    Plaintiff also has no duty to indemnify Bruce Hanson.**

25. An insurer's duty to defend is separate from its duty to indemnify. While the issue generally is not justiciable until the underlying tort suit is complete, a court may adjudicate indemnity when the same reasons that negate the duty to defend likewise negate any possibility that the insurer will ever have a duty to indemnify. *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997). Because no evidence can ever be developed in the Underlying Suit that would change the nature of Vickie Hanson's relationship to Bruce Hanson, the Plaintiff also has no duty to indemnify the latter in the Underlying Suit.

## IV. CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that on final hearing it have the following judgment:

1. Declaring that Plaintiff has no duty to defend or to indemnify Bruce Hanson in the Underlying Suit;

2. Awarding such further relief to which Plaintiff is justly entitled.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone:    (512) 472-7700
Facsimile:    (512) 472-0205

By: */s/ Catherine L. Hanna*
      Catherine L. Hanna
      State Bar No. 08918280
      Attorney-in-Charge

**ATTORNEY FOR SAFECO INSURANCE COMPANY OF INDIANA**