IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF INDIANA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 7:24-cv-00051-O |
| BRUCE ALLEN HANSON, *et al.*, | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Motion for Default Judgment that Plaintiff Safeco Insurance Company of Indiana ("Safeco") filed on July 29, 2024. ECF No. 18. United States District Judge Reed O'Connor referred this Motion and all related responses, replies, and briefs in support to the undersigned pursuant to 28 U.S.C. § 636. ECF No. 24. Having considered the Motion and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Motion (ECF No. 18) and **ENTER DEFAULT JUDGMENT** in favor of Safeco against Defendant Bruce Hanson ("Hanson") for declaratory relief as stated below.

**I.   BACKGROUND**

On October 14, 2021, Vickie Hanson died of a gunshot wound sustained at a residence that she shared with Hanson, her former husband, in Wichita Falls, Texas. ECF No. 1 at 1. Thereafter, police arrested Hanson and charged him with her murder. *Id*. A state grand jury indicted him for

> … intentionally and knowingly caus[ing] the death of an individual, namely Vickie Hanson, by shooting her with a gun OR then and there, with intent to cause serious bodily injury to an individual, namely Vickie Hanson, hereafter styled the complainant, commit[ing] an act clearly dangerous to human life that caused the death of the complainant by shooting her and/or firing a gun at her and/or firing a gun in her direction.

ECF No. 1 at 4.

Vickie Hanson's adult children, Christine Wise, individually and as representative of her estate, and Joshua Lodes, individually, filed a survival and wrongful death action against Hanson in the 89th Judicial District Court of Wichita County, Texas, styled *Christine M. Wise, Individually, and as Representative of the Estate of Vickie A. Hanson, Deceased, and Joshua Lodes, Individually, v. Bruce Allen Hanson*; Cause No. DC89-CV2023-1949 ("the Underlying Suit"). *Id*. The petition in that case asserts that their mother "died as a result of a gunshot wound which was negligently caused by … Hanson, and is the proximate cause of death …." *Id*. Hanson tendered the suit to Safeco to defend and indemnify him under the terms of his homeowner's insurance policy. *Id.* Safeco is defending him under a reservation of its rights to contest coverage. *Id*.

Safeco now seeks a declaration that it is not obligated to defend and indemnify Hanson in the Underlying Suit. ECF No. 1. Safeco argues that exclusions to coverage under his homeowner's insurance policy eliminate any duty to defend or indemnify Hanson in that suit. *Id* at 1.

The policy at issue contains the following relevant provisions:

> **2. Coverage E – Personal Liability** does not apply to:
>     **a**. Liability . . . [:]
>         **(3)** for **punitive damages** awarded against any **insured**;
>         **(4)** arising out of any illegal act committed by or at the direction of any **insured**.
>     **g**. **bodily injury** to **you** or an **insured** within the meaning of part **a**. or **b**. of the **Policy Definition, 8. Insured** . . . .
>
> **POLICY DEFINITIONS**
> **1**. Throughout this policy, "you" and "your" refer to the "named insured" shown in the Declarations and:
>     **a**. your spouse, if a resident of the same household; or
>     **b**. your civil partner, if a resident of the same household, by civil union licensed and certified by the state; or
>     **c**. your **domestic partner**, if a resident of the same household. "**Domestic partner**"

      means a person living as a continuing partner with you and:
- **(1)** is at least 18 years of age and competent to contract;
- **(2)** is not a relative, and
- **(3)** shares with you the responsibility for each other's welfare, evidence of which includes:
  - **(a)** the sharing in the domestic responsibilities for the maintenance of the household; or
  - **(b)** having joint financial obligations, resources, or assets; or
  - **(c)** one with whom you have made a declaration of domestic partnership or similar declaration with an employer or government entity.

      **Domestic partner** does not include more than one person, a roommate whether sharing expenses equally or not, or one who pays rent to the named insured. . . .

**8**. "**Insured**" means:
- **a**. you; and
- **b**. so long as you remain a resident of the Described Location, the following residents of your household at the Described Location:
  - **(1)** your relatives;
  - **(2)** any other person under the age of 21 who is in the care of any person Described in 8.a. or 8.b.(1) above.

ECF No. 1-2 at 48, 55-56.

…

**LIABILITY LOSSES WE DO NOT COVER**

**1. Coverage E — Personal Liability** and **Coverage F — Medical Payments to Others** do not apply to **bodily injury** or **property damage**:
- **a**. which:
  - **(1)** is expected or intended by the **insured** or which is the foreseeable result of an act or omission intended by the **insured**; or
  - **(2)** results from violation of:
    - **(a)** criminal law; or
    - **(b)** local or municipal ordinance committed by, or with the knowledge or consent of the insured.

This exclusion applies even if:
- **(3)** such **bodily injury** or **property damage** is of a different kind or degree than expected or intended; or
- **(4)** such **bodily injury** or **property damage** is sustained by a different person, or persons, than expected or intended.

      This exclusion applies whether or not the **insured** is charged or convicted of a violation of criminal law, or local or municipal ordinance.

ECF No. 1-2 at 45-46.

Safeco argues that Hanson and Vickie Hanson were domestic partners as the policy defined that term because "[t]hey slept in the same bedroom, mingled their financial assets, and took care of each other by cooking and doing laundry for each other." *Id* at 6. Safeco asserts that because Vickie Hanson was an "insured" under the policy, "the injury-to-an-insured exclusion" applies and eliminates its duty to defend Hanson. *Id.*

Safeco also argues that it has no duty to defend or indemnify Hanson because the criminal acts exclusion applies. *Id.* Safeco notes that the petition in the Underlying Suit states that "Hanson committed a criminal act by firing or even pointing the gun in the direction of Vickie Hanson. *See e.g.*, Tex. Penal Code § 22.05 'Deadly Conduct'." *Id.* at 7. Finally, Safeco asserts that the expected or intended injury exclusion of its policy applies because Vickie Hanson's death was a foreseeable result of Hanson's actions. *Id* at 8.

Hanson has not filed an answer to Safeco's complaint in this case, responded to the pending Motion, or otherwise appeared in this case.

## II.  LEGAL STANDARD

### A.  Default Judgment.

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. There are three stages to entry of default judgment. First, a default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also* Fed. R. Civ. P. 55(a) (noting default occurs where the defendant "has failed to plead or otherwise defend" against the complaint). Second, the Clerk may enter a defendant's default if it is "established by affidavit or otherwise." *Brown*, 84 F.3d at 141 (citing Fed. R. Civ. P. 55(a)). Third, if the Clerk enters default,

4

the plaintiff must apply for a default judgment from the Court. Fed. R. Civ. P. 55(b)(2). The Court may not enter default judgment against an individual in military service until an attorney is appointed to represent the defendant. 50 U.S.C. § 3931.

"[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Rather, courts retain ultimate discretion to grant or deny default judgments. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments," although this policy is "counterbalanced by considerations of social goals, justice and expediency, a weighing process . . . within the domain of the trial judge's discretion." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (quoting *Rogers* v. *Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999)). Default judgment remains "a drastic remedy, not favored by the Federal Rules." *Sun Bank of Ocala* v. *Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); see also *U.S. for Use of M-Co Constr., Inc.* v. *Shipco General, Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987 (calling default judgments "draconian"). There must be a sufficient basis in the pleadings for a court to enter judgment by default. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Defendants, by virtue of having a default entered against them, are deemed to have admitted the well-pleaded allegations of the complaint and are precluded from contesting the established facts. *Id.* (citations omitted).

Courts use a three-pronged analysis to determine if default judgment is appropriate. *J & J Sports Prods., Inc. v. Morelia Mex. Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015). First, courts ask if default judgment is procedurally warranted. *See Lindsey*, 161 F.3d at 893. The *Lindsey* factors inform this inquiry. Under *Lindsey*, the Court may consider whether: (1) material issues of

fact exist; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused by a good faith mistake or excusable neglect; (5) default judgment would be too harsh; and (6) the court would be obliged to set aside the default upon motion from the defendant. *Id.*

Second, if default is procedurally warranted under *Lindsey*, courts analyze the substantive merits of the plaintiff's claims and ask if the pleadings establish a sufficient basis for default judgment. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. The pleadings are sufficient if they satisfy Federal Rule of Civil Procedure 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015); *see* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu*, 515 F.2d at 1206. But the "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

Third, courts determine what form of relief, if any, the plaintiff should receive. *Morelia*, 126 F. Supp. 3d at 813. In making this determination, the Complaint's "well-pleaded factual allegations are taken as true, except regarding damages." *U.S. for Use of M-Co Constr., Inc. v. Shipco General, Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987); *see generally Jackson v. FIE Corp.*, 302 F.3d 515, 525 & n.29 (5th Cir. 2002) ("If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (quoting 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY K. KANE, FEDERAL PRACTICE & PROCEDURE § 2688 at 58-59 & n.5 (3d ed. 1998)). At this juncture, courts often find it helpful to conduct a Rule 55(b)(2) hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857

(5th Cir. 1979); *see* Fed. R. Civ. P. 55(b)(2) (noting courts may conduct a hearing on motions for default judgment if needed to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter").

## III.   ANALYSIS

The Clerk entered Hanson's default on July 25, 2024. ECF No. 17. The Court must now ask if default judgment is appropriate. *Lewis*, 236 F.3d at 767. Having applied the three-pronged inquiry here, *see Morelia*, 126 F. Supp. 3d at 813, the undersigned concludes that default judgment is proper on Safeco's claim for declaratory relief.

### A.    Default Judgment is procedurally appropriate under *Lindsey*.

Safeco's claim survives the first of the three-pronged inquiry. Under *Lindsey*, default judgment may be procedurally warranted based on six considerations. *See* 161 F.3d at 893. All six support default judgment here. Given Hanson's failure to answer the allegations, no material issues of fact exist concerning Safeco's duty to defend or indemnify him in connection with the Underlying Suit. *See* ECF Nos. 1 at 5-8; *see also Lindsey*, 161 F.3d at 893. The grounds for default are established because Safeco has demonstrated through its allegations that its claims are substantively meritorious. *See United States v. Del-Ton DTI -15 Rifle*, No. 7:19-CV-00340, 2020 WL 13413217, *2 (S.D. Tex. Sept. 25, 2020) (stating that default judgment is appropriate when the Defendant was indicted). By his failure to appear, Hanson does not contest Safeco's well-pleaded allegations that the exclusions from coverage on which it relies are applicable to the claims against Hanson in the Underlying Suit. Thus, the Court may take as true Safeco's pleadings demonstrating all material facts supporting its claims in this case. *See* ECF No. 1. *Lindsey*'s first prong thus favors default judgment.

Similarly, nothing here shows the second factor's "substantial prejudice" requirement undermines Safeco's entitlement to default judgment. *See Lindsey*, 161 F.3d at 893. Safeco properly served Hanson with the Complaint, and he has had ample opportunity to respond in this matter. *See, e.g.*, ECF No. 15 at 3 (showing perfected service as of June 19, 2024 for Hanson). Moreover, his failure to answer the Complaint or otherwise appear threatens to bring this case to a halt, which would substantially prejudice Safeco's interests. *Gandy v. Lynx Credit*, No. 3:14-cv-0369-B, 2014 WL 6805501, at *2 (N.D. Tex. Dec. 3, 2014) (Boyle, J.) (citing *Lindsey*, 161 F.3d at 893). *Lindsey*'s second prong thus favors default judgment.

The third and fourth elements also support default judgment because the grounds of Hanson's default are clearly established, *see* ECF No. 17, and nothing indicates this default is due to "a good faith mistake or excusable neglect." *See Lindsey*, 161 F.3d at 893. Despite being afforded multiple opportunities to do so, Hanson has not responded to Safeco's Motion or filed any other pleadings explaining this unresponsiveness. Accordingly, *Lindsey*'s fifth factor also supports default judgment. *See Lindsey* 161 F.3d at 893; *see also Joe Hand Promotions, Inc. v. Tacos Bar & Grill, LLC*, No. 3:16-cv-01889-M, 2017 WL 373478, at *2 (N.D. Tex. Jan. 26, 2017) ("Entering default judgment against [Defendants], who have taken no action to respond to this action, is not 'harsh.'") (quoting *Lindsey*, 161 F.3d at 893); *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-cv-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) ("[Defendant] has had over five months to answer or otherwise respond to Plaintiff's Complaint, mitigating the harshness of a default judgment.").

Finally, given the clear satisfaction of the above elements, nothing indicates that the Court would "be obliged to set aside the default upon motion from the defendant." *See id.*; *see also Moreno v. LG Elecs.*, 800 F.3d 692, 698 (5th Cir. 2015) (noting district courts are not obliged to

set aside a default upon defendant's motion where "the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense"). Accordingly, the *Lindsey* analysis reflects that default judgment is proper here.

### B.   The pleadings establish a sufficient basis for Default Judgment.

Having found default judgment appropriate under *Lindsey*, the Court looks next to the substantive merits of Safeco's claim, asking whether the pleadings establish a sufficient basis for default judgement. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206. To do so, it needs only to satisfy Rule 8. *Wooten*, 788 F.3d at 498; *see* Fed. R. Civ. P. 8(a) (requiring a "short and plain statement" of the claim). Given such a straightforward rubric, Safeco's Complaint and Motion suffice. *See generally* ECF Nos. 1, 18.

Safeco seeks a declaration that it owes no duty to defend or indemnify under Hanson's homeowner's policy. ECF Nos. 1 at 1. When considering a declaratory judgment action, the Court must ask "(1) whether an 'actual controversy' exists between the parties in the case; (2) whether it has authority to grant declaratory relief; and (3) whether to exercise its broad discretion to decide or dismiss a declaratory judgment action." *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 294 (5th Cir. 2019) (internal quotation marks omitted). "Actual controversy" refers to the Article III case-or-controversy requirement. *Id*. (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007)).

Safeco has pleaded sufficient facts to show that there is an actual controversy between the parties, and "nothing before the Court indicates that there is a pending state-court proceeding that would divest the Court of its authority to grant declaratory relief." *Primerica Life Ins. Co. v. Cruz*, No. 3:21-cv-02419-E, 2023 WL 373886, at *6 (N.D. Tex. Jan. 24, 2023), *appeal dismissed*, No. 23-10306, 2023 WL 6237270 (5th Cir. June 14, 2023).

Here, Safeco has pleaded facts sufficient to show that it owes Hanson no duty to defend or indemnify him for the claims raised in the Underlying Suit. ECF No. 1. Accordingly, the Court finds that because Safeco's pleadings establish a sufficient basis for default judgment, it has successfully satisfied the second prong.

### C. Safeco should receive a declaratory judgment.

The Court's inquiry does not end after asking whether the pleadings establish a sufficient basis for default judgement. It must now "determine what form of relief, if any, the plaintiff should receive." *Morelia*, 126 F. Supp. 3d at 814. This is the only step in the inquiry where the Court does not assume the truth of the pleadings. *See Shipco*, 814 F.2d at 1014 ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages."). Generally, a plaintiff cannot summarily provide the Court with figures for damages without explanation. Rather, they must "establish[] the necessary facts," either through detailed affidavits or an evidentiary hearing, to make the amount "capable of mathematical calculation." *United Artists*, 605 F.2d at 857. Here, Safeco seeks only declaratory relief, not monetary damages. ECF Nos. 1 at 8; 18 at 2. Because it seeks no monetary damages, there is no need for a hearing. *See United Artists*, 605 F.2d at 857. Granting declaratory relief is within the Court's "broad discretion." *Frye*, 953 F.3d at 294. Accordingly, Judge O'Connor should enter declaratory judgment that Safeco owes no duty to defend or indemnify Hanson in the Underlying Suit.

## IV.   CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Safeco's Motion (ECF No. 18), **ENTER DEFAULT JUDGMENT** in favor of Safeco Insurance Company of Indiana against Defendant Bruce Hanson for declaratory relief, and **DECLARE** that Safeco has no duty to defend or indemnify Hanson in the case pending in the 89th Judicial District Court of Wichita County, Texas, styled *Christine M. Wise, Individually, and as Representative of*

*the Estate of Vickie A. Hanson, Deceased, and Joshua Lodes, Individually, v. Bruce Allen Hanson*; Cause No. DC89-CV2023-1949.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on December 9, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

11