**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **SAFECO INSURANCE COMPANY** | § | |
| **OF INDIANA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:24-cv-00051-O** |
| | § | |
| **BRUCE ALLEN HANSON,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

<u>**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**</u>

Before the Court is the Motion for Summary Judgment filed by Plaintiff Safeco Insurance Company of Indiana ("Safeco"). ECF No. 33. Defendants did not respond to the Motion. United States District Judge Reed O'Connor referred this Motion and all related responses, replies, and briefs in support to the undersigned pursuant to 28 U.S.C. § 636. ECF No. 34. Having considered the Motion and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Safeco's Motion for Summary Judgment (ECF No. 33).

**I.        BACKGROUND**

On October 14, 2021, Vickie Hanson died of a gunshot wound sustained at a residence that she shared with Bruce Hanson ("Mr. Hanson"), her former husband, in Wichita Falls, Texas. ECF No. 1 at 1. Thereafter, police arrested Mr. Hanson and charged him with her murder. *Id*. Mr. Hanson was indicted for "intentionally and knowingly caus[ing] the death of an individual, namely Vickie Hanson, by shooting her with a gun OR then and there, with intent to cause serious bodily injury to an individual." ECF No. 1 at 4.

Vickie Hanson's adult children, Christine Wise ("Wise"), individually and as representative of her estate, and Joshua Lodes ("Lodes"), individually, filed a survival and wrongful death action against Mr. Hanson in the 89th Judicial District Court of Wichita County, Texas, styled *Christine M. Wise, Individually, and as Representative of the Estate of Vickie A. Hanson, Deceased, and Joshua Lodes, Individually, v. Bruce Allen Hanson*; Cause No. DC89-CV2023-1949 ("the Underlying Suit"). *Id.* The petition in that case asserts that their mother "died as a result of a gunshot wound which was negligently caused by [Mr.] Hanson, and is the proximate cause of death …." *Id.* Mr. Hanson tendered the suit to Safeco to defend and indemnify him under the terms of his homeowner's insurance policy. *Id.* Safeco defended him under a reservation of its rights to contest coverage. *Id.* This Court previously found that Safeco has no duty to defend or, in the event of a judgment, to indemnify Mr. Hanson in the Underlying Suit. *See* ECF No. 27. Wise and Lodes did not object to the Findings, Conclusions, and Recommendation, which the Court adopted in rendering judgment in favor of Safeco and against Mr. Hanson on the duty to defend and indemnify. *See* ECF Nos. 31, 32.

Safeco now seeks Summary Judgment against Defendants Wise and Lodes "declaring that Plaintiff has no duty to pay any judgment obtained by Defendants [] Wise or [] Lodes against [Mr.] Hanson in the Underlying Suit." ECF No. 33 at 7. Safeco argues that because "[Mr.] Hanson and Vickie Hanson were domestic partners if not common-law spouses at the time of her death," she is an insured under the policy. *Id.* at 6-7 Thus, the " 'injury-to-an-insured' exclusion [applies], barring any Safeco policy liability coverage for any judgment Wise and Lodes obtain against [Mr.] Hanson in the Underlying Suit." *Id.*

The policy at issue contains the following relevant provisions:

2

**COVERAGE E – PERSONAL LIABILITY**

If a claim is made or a suit is brought against any insured for damages because **of bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies, we will:

**1.**     pay up to our limit of liability for the damages for which the **insured** is legally liable; and

**2.**     provide a defense at our expense by counsel of our choice even if the allegations are groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the occurrence equals our limit of liability. . . .

**2. Coverage E – Personal Liability** does not apply to:
    **g**. **bodily injury** to **you** or an **insured** within the meaning of part **a**. or **b**. of the **Policy Definition, 8. Insured** . . . .

**POLICY DEFINITIONS**

**1**. Throughout this policy, "you" and "your" refer to the "named insured" shown in the Declarations and:
    **a**. your spouse, if a resident of the same household; or
    **b**. your civil partner, if a resident of the same household, by civil union licensed and certified by the state; or
    **c**. your **domestic partner**, if a resident of the same household. "**Domestic partner**" means a person living as a continuing partner with you and:
        **(1)** is at least 18 years of age and competent to contract;
        **(2)** is not a relative, and
        **(3)** shares with you the responsibility for each other's welfare, evidence of which includes:
            **(a)** the sharing in the domestic responsibilities for the maintenance of the household; or
            **(b)** having joint financial obligations, resources, or assets; or
            **(c)** one with whom you have made a declaration of domestic partnership or similar declaration with an employer or government entity.

            **Domestic partner** does not include more than one person, a roommate whether sharing expenses equally or not, or one who pays rent to the named insured. . . .

**8**. "**Insured**" means:
    **a**. **you; and**
    **b**. so long as you remain a resident of the Described Location, the following residents of your household at the Described Location:
        **(1)** your relatives;
        **(2)** any other person under the age of 21 who is in the care of any person

3

Described in **8.a. or 8.b.(1)** above.

ECF No. 33-2 at 45, 48, 55-56.

Safeco argues that Mr. Hanson and Vickie Hanson were domestic partners as the policy defined that term because "[they] had joint financial obligations, including vehicles and the house in which they had resided together since 1998." ECF No. 33 at 6. Safeco asserts that because Vickie Hanson was an "insured" under the policy, "the injury-to-an-insured exclusion" applies and eliminates its duty "Safeco would have to pay any judgment obtained by Defendant Christine Wise or Defendant Joshua Lodes against [Mr.] Hanson in the Underlying Suit." *Id.* Neither Wise nor Lodes have responded to the pending Motion.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Slaughter v. S. Talc. Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue is 'material' if it involves a fact that might affect the outcome of the suit under the governing law." *Burgos v. Sw. Bell Tel. Co.*, 20 F.3d 633, 635 (5th Cir. 1994). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986)).

When a movant carries its initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment would be improper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering

depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Merely colorable evidence or evidence not significantly probative will not defeat a properly supported motion. *Anderson*, 477 U.S. at 249-50. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Id.* at 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

The Court views summary judgment evidence in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). Additionally, it resolves factual controversies in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In considering the motion, the Court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). However, the Court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 242-43. The Court grants the motion only if the movant meets its burden and the nonmovant fails to make the requisite showing of a genuine issue of material fact. Fed. R. Civ. P. 56; *Duckett*, 950 F.2d at 276.

When a party fails to respond to a motion for summary judgment, the Court may not automatically grant the motion because the opponent defaulted by not responding. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). However,

in such a case, the Court may accept the movant's facts offered in support of summary judgment as undisputed. *Eversley v. MBank Dall.*, 843 F.2d 172, 173-74 (5th Cir. 1988).

## III.    ANALYSIS

### A.    Safeco is entitled to summary judgment against Defendants as the "injury-to-an-insured" exclusion precludes any duty Safeco would have to pay any judgment.

In its Motion, Safeco seeks judgment to uphold the terms of Mr. Hanson's homeowner's insurance policy. ECF No. 33 at 6-7. Safeco is entitled to summary judgment because it has established that the "injury-to-an-insured" exclusion applies. Because Defendants did not respond to the Motion and offer summary judgment evidence to show a genuine issue of material fact for trial, the Court accepts the facts offered in connection with the Motion for Summary Judgment as uncontested. *Eversley*, 843 F.2d at 174.

State law rules of contract construction govern in diversity cases such as this one. *Amica Mut. Ins. Co. v. Moak*, 55 F.3d 1093, 1095 (5th Cir. 1995). In Texas, insurance contracts are subject to normal rules of contract construction. *Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345-46 (5th Cir. 2008) (citing *Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995)); *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 665 (Tex. 1987). Texas courts construe the language according to "the ordinary, everyday meaning of the words to the general public." *Fiess v. State Farm Lloyds*, 202 S.W.3d 744, 746 (Tex. 2006). The focus of construction is to ascertain the parties' intent as expressed in the policy. *CBI Indus.*, 907 S.W.2d at 520.

The determination whether a contract term is ambiguous is a matter of law. *D.E.W., Inc. v. Local 93, Laborers' Int'l Union*, 957 F.2d 196, 199 (5th Cir. 1992). A term is ambiguous only if it is susceptible to more than one reasonable meaning, and mere disagreement between the parties about the correct interpretation of the term will neither render it ambiguous nor transform the issue

6

of law into one of fact. *Id*. The court will not strain to find an ambiguity where none exists. *Ramsay v. Md. Am. Gen. Ins. Co*., 533 S.W.2d 344, 346 (Tex. 1976).

The Safeco homeowner's policy at issue excludes coverage for "bodily injury to you or an insured within the meaning of part **a.** or **b.** of the policy definition." ECF No. 33-2 at 48. It further defines "insured" to include the "named insured" and the spouse, civil partner, or "domestic partner" of the "named insured." *See id*. at 55. A "domestic partner" is one who shares with the named insured "the responsibility for each other's welfare," which can be established by "(a) the sharing in the domestic responsibilities for the maintenance of the household; or (b) having joint financial obligations, resources, or assets." *See id*.

The plain language of the policy demonstrates that it is not ambiguous, and bodily injury to a domestic partner is excluded from coverage. Vickie Hanson died of a gunshot wound, and Mr. Hanson was indicted for "bodily injury to an individual." ECF No. 1 at 4. Safeco also offered evidence to prove that Vickie Hanson is "an insured" because she meets the definition of "domestic partner," as defined in Mr. Hanson's homeowner's policy. Safeco also offered evidence showing that Mr. Hanson and Vickie Hanson had joint financial obligations, including vehicles and the house in which they had resided together since 1998. *See* ECF No. 33-4; 33-5 at 4. Finally, Safeco offered evidence that Vickie Hanson and Mr. Hanson lived together and shared domestic duties and obligations after purchasing the house. *See* ECF No. 33-5 at 3.

In her deposition in the Underlying Suit, Wise acknowledged that Vickie Hanson and Mr. Hanson lived together at their home and shared domestic duties. *See* ECF No. 33-6 at 3-5. She characterized the relationship between them as a common-law marriage. *See id*. at 2. In answers to interrogatories, Wise denied having any evidence or contending that Mr. Hanson and Vickie Hanson were not domestic partners, did not share responsibilities for maintenance of the residence,

did not share a bedroom, and did not have joint financial obligations. *See* 33-5 at 3. Because Wise and Lodes did not respond to Safeco's Motion for Summary Judgment, the Court may accept the facts underlying Safeco's conclusion that Vickie Hanson is a domestic partner as undisputed. *See Eversley*, 843 F.2d at 174 Thus, Mr. Hanson's homeowner's policy is not ambiguous and excludes liability for bodily injury to Vickie Hanson.

Because the policy is not ambiguous and the undisputed evidence establishes that Vickie Hanson was Mr. Hanson's domestic partner, the "injury-to-an-insured" exclusion precludes any duty Safeco would have to pay any judgment that Defendants Wise or Lodes obtained against Mr. Hanson in the Underlying Suit. Federal Rule of Civil Procedure 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Little*, 37 F.3d at 1075 (citing *Celotex,* 477 U.S. at 322). Because there are no genuine disputes of material fact regarding Safeco's "injury-to-an-insured" exclusion, the Court should grant Safeco's Motion.

**B.    Safeco also should recover its costs.**

As a prevailing party, Safeco is entitled to recover its costs unless a federal statute, a federal rule, or the Court provides differently. Fed. R. Civ. P. 54(d)(1). There is "a strong presumption that the prevailing party will be awarded costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981)). For these reasons and because there is no rule that provides otherwise, Safeco should recover its taxable court costs.

**IV.    CONCLUSION**

There is no genuine dispute of material fact, and Safeco is entitled to judgment as a matter of law against the Defendants with its costs. Therefore, the undersigned **RECOMMENDS** that

8

Judge O'Connor **GRANT** Safeco's Motion   for Summary Judgment (ECF No. 33) and

**DECLARE** that Safeco has no duty to pay any judgment that Defendants Christine Wise or Joshua

Lodes obtain against Bruce Hanson in the case pending in the 89th Judicial District Court of

Wichita County, Texas, styled *Christine M. Wise, Individually, and as Representative of the Estate*

*of Vickie A. Hanson, Deceased, and Joshua Lodes, Individually, v. Bruce Allen Hanson*; Cause

No. DC89-CV2023-1949.

A copy of these findings, conclusions, and recommendation shall be served on all parties

in the manner provided by law. Any party who objects to any part of these findings, conclusions,

and recommendation must file specific written objections within fourteen days after being served

with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must

identify the particular finding or recommendation to which objection is made, state the basis for

the objection, and specify the place in the magistrate judge's findings, conclusions, and

recommendation where the disputed determination is found. An objection that merely incorporates

by reference or refers to the briefing before the magistrate judge is not specific. Failure to file

specific written objections will bar the aggrieved party from appealing the factual findings and

legal conclusions of the magistrate judge that are accepted or adopted by the district court, except

upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th

Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the

time to file objections to 14 days).

**SIGNED** on April 9, 2025.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE